UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOANN M. WHITE,

        Plaintiff,

v.

BANK OF AMERICA, N.A.; BAC HOME
LOANS SERVICING, a LIMITED
PARTNERSHIP; RECONTRUST
COMPANY, N.A.; FEDERAL NATIONAL
MORTGAGE ASSOCIATION; and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

        Defendants.

3:11-cv-1209-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Joann M. White ("White"), originally filed this action in Clatsop County Circuit Court, *White v. Bank of America, N.A., et al.*, Clatsop County Circuit Court Case No. 11-2396, on September 7, 2011. Notice of Removal, Ex. 1. White seeks declaratory judgment that the non-judicial sale of property she owns in Seaside, Oregon, is improper under the Oregon Trust Deed Act ("OTDA"), ORS 86.705-.795, and seeks a declaration of her obligations under an associated promissory note and deed of trust.

1 - FINDINGS AND RECOMMENDATION

Defendants include corporations, a limited partnership, and a national mortgage association. Defendants timely removed this action to this court on October 7, 2011. Notice of Removal (docket #1). White is a citizen of Oregon. Complaint, ¶ 1. Defendants are each citizens of states other than Oregon. *Id*, ¶¶ 2- 6; Notice of Removal, ¶ 5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this court has jurisdiction premised upon diversity of citizenship under 28 USC § 1332.

Defendants have now filed a Motion to Dismiss (docket #9). For the reasons that follow, the motion should be granted.

## **STANDARDS**

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FRCP 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" .

In order to survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570. When reviewing a motion to dismiss, this court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F3d 1068, 1072 (9th Cir 2005), citing *Cervantes v. United States*, 330 F3d 1186, 1187 (9th Cir 2003).

2 - FINDINGS AND RECOMMENDATION

## ALLEGATIONS

On August 1, 2007, pursuant to a promissory note, White borrowed $377,000 from Countrywide Home Loans secured by a Deed of Trust against her property located in Seaside, Oregon. Complaint, ¶ 7; Engbloom Decl. (docket #12), Ex. 1.[1] The Deed of Trust names Fidelity National Title as the trustee and defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary (solely as the nominee for the lender, Countrywide Home Loans) and was recorded in the mortgage records of Clatsop County, Oregon, on August 7, 2007. *Id*.

Defendant Federal National Mortgage Association ("FNMA") claims to be the owner of the promissory note. *Id*, ¶ 5. Defendant Bank of America, N.A. ("BA") claims to be beneficiary of the Deed of Trust. *Id*, ¶ 2. MERS claims to be the owner of both the promissory note and Deed of Trust. *Id*, ¶ 6.

On July 12, 2010, MERS assigned all beneficial interest in the Deed of Trust to defendant BAC Home Loans Servicing, LP ("BAC"), which then appointed defendant Recontrust Company, N.A. ("Recontrust") as the successor trustee. *Id,* ¶ 8; Engbloom Decl., Exs 3 & 4.

Because White defaulted on her loan, Recontrust issued a Notice of Default and Election to Sell dated April 27, 2011, and recorded on May 3, 2011, setting a sale date of September 8, 2011. Complaint, ¶ 9; Engbloom Decl., Ex. 2. White alleges that Recontrust lacks the authority to conduct a non-judicial sale because it violated the OTDA by: (1) MERS assigning a beneficial interest in the property without recording assignments in violation of ORS 86.735; and (2) BAC and Recontrust failing to file an affidavit of compliance with SB 628 (2009) in violation

---

[1] Defendants' Request for Judicial Notice (docket # 11) was granted (docket # 23). Therefore, this court may consider the exhibits attached to the Engbloom Declaration on this motion to dismiss because they are public records or referenced in the Complaint, or both.

3 - FINDINGS AND RECOMMENDATION

of ORS 86.737. Complaint, ¶ 10. As a result, White contends that defendants have no right to non-judicially sell her property. *Id,* ¶ 11.

## **FINDINGS**

Defendants raise several arguments that also have been raised in similar cases both in this court and state court filed by other borrowers who seek to avoid foreclosure of trust deeds against their properties.

They first argue that White cannot obtain equitable relief because she fails to "do equity" by offering to tender the outstanding loan balance while continuing to possess the property. Because she does not show any willingness or ability to cure her default, they also contend that her claim presents no justiciable controversy. This court previously addressed and rejected those arguments in its Findings and Recommendation in *James, et al, v. Recontrust Co., et al,* Case No. 3:11-cv-324, 2011 WL 3841558 (D Or Aug. 26, 2011) ("*James* F&R"). In *James*, defendants argued that by admitting their default on the loan and failing to allege their ability to cure that default, the plaintiffs could not obtain equitable relief due to their unclean hands and had no justiciable controversy. Here defendants do not couch their argument in terms of unclean hands, but still contend that White cannot seek equitable relief because she is in default on her loan. No matter how the argument is presented, this court is not persuaded that a plaintiff who is in default is barred from seeking equitable relief. As this court concluded in *James,* the issue is not whether a plaintiff is able to cure a default, but whether defendants have complied with all requirements of the OTDA for conducting a non-judicial foreclosure sale. On February 29, 2012, Judge Simon adopted this portion of the *James* F&R. Opinion and Order (docket #65), p. 40. This court adheres to its prior ruling and concludes that White's equitable claim is not barred because she is in default.

4 - FINDINGS AND RECOMMENDATION

Defendants also contend that, contrary to White's allegation, the trustee had the legal authority to foreclose the Deed of Trust under ORS 86.735. This argument rests on the role of MERS. Here, as in similar cases, White alleges that MERS was a sham beneficiary and lacked the power to assign all beneficial interest under the Deed of Trust to BAC and, accordingly, BAC lacked the power to appoint Recontrust as successor trustee to foreclose on the property. As explained in the *James* F&R and Opinion and Order, both federal and state courts have reached differing conclusions with respect to this issue. Absent guidance from an Oregon appellate court, this court concluded that MERS is both a named and legitimate beneficiary in the Deed of Trust and that all necessary assignments were recorded as required for a nonjudicial foreclosure under the OTDA. For the same reasons, despite Judge Simon's rejection of this portion of the *James* F&R, this court agrees with defendants that White fails to state a claim that Recontrust lacks the authority to conduct a non-judicial foreclosure sale because MERS failed to record all assignments in violation of ORS 86.735.

White also alleges that Recontrust lacks authority to conduct a non-judicial foreclosure sale because it and BAC failed to file an affidavit of compliance and, thus, violated ORS 86.737. Pursuant to ORS 86.750(5),[2] the trustee must file an affidavit of compliance not less than five days before conducting the sale. The sale was originally scheduled for September 8, 2011, but was postponed and, to date, has not been conducted. Six days later on September 14, 2011, the trustee filed the affidavit of compliance which is dated June 21, 2011, and which checks the box that "No Request for Loan Modification Was Timely Received." Engbloom Decl., ¶ 12 & Ex. 11. White contends that the statute requires the affidavit to be filed before the initial sale date and not any reset date, arguing that otherwise compliance could too easily be obtained

---

[2] ORS 86.750 was amended as of January 2, 2012, and no longer contains a subsection 5. However, subsection 5 was operative during the time at issue here.

5 - FINDINGS AND RECOMMENDATION

through a simple public postponement of the sale and not through initial actual compliance. This court disagrees. According to a simple, straightforward reading of the statute, the trustee must file the affidavit before "the trustee conducts the sale." No sale has been conducted yet. Thus, the trustee has filed the affidavit before conducting the sale. Accordingly, no violation of ORS 86.750(5) has or will occur. Therefore, this allegation should be dismissed.

## RECOMMENDATION

For the reasons set forth above, defendants' Motion to Dismiss (docket #9) should be GRANTED, and this case should be dismissed.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 23, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED March 6, 2012.

s/ Janice M. Stewart  
Janice M. Stewart  
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION